078919.0347(207)　　　　　　　　RMC:las　　　　　　　　#397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **BILLY GOAT CHIP COMPANY LLC,** a Missouri limited liability company, and **BILLY GOAT IP LLC,** a Delaware limited liability company, | ) ) ) ) ) |
| **Defendants.** | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, State Auto Property and Casualty Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Billy Goat Chip Company LLC, a Missouri limited liability company, and Billy Goat IP LLC, a Delaware limited liability company, alleges the following:

### JURISDICTION

1.　　　The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

**VENUE**

2. Venue is premised upon 28 U.S.C. § 1391 as at least one Defendant is a resident of this District and the transaction occurred in this District.

**THE PARTIES**

3. State Auto Property and Casualty Insurance Company (hereinafter "State Auto") is an Iowa insurance corporation, which maintains its principal place of business in Columbus, Ohio, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4. Billy Goat Chip Company LLC (hereinafter "BGCC") is a Missouri limited liability company with its principal place of business in St. Louis, Missouri. On information and belief, Brian Roth and Robert Lyons are the members or the managers of the limited liability company and each is a resident and citizen of the State of Missouri.

5. Billy Goat IP LLC (hereinafter "the Claimant") is a Delaware limited liability company with its principal place of business in Chicago, Illinois. On information and belief, the members or managers of the limited liability company are not residents and citizens of either Iowa or Ohio. The Claimant has been joined herein as a Defendant to the extent that it is interested.

**THE STATE AUTO POLICIES**

6. State Auto issued its policy of insurance numbered BOP 2866205-00 to BGCC as named insured. The policy provided for Businessowners Liability Insurance for the

effective period of February 5, 2016 to February 5, 2017. A certified true and correct copy of the State Auto primary policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

7. State Auto issued its policy of insurance numbered CXS 2135754-00 to BGCC as named insured. The policy provided for Commercial Umbrella Liability Insurance for the effective period of February 5, 2016 to February 5, 2017. A certified true and correct copy of the State Auto umbrella policy is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

## THE UNDERLYING LITIGATION

8. The Claimant has filed a Complaint For Injunctive Relief against BGCC in the United States District Court for the Northern District of Illinois, Eastern Division, under Cause No. 17 C 9154. A true and correct copy of the aforesaid Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

9. The Claimant seeks damages from BGCC for its alleged trademark infringement. The Claimant alleges violation of the federal Lanham Act for trademark infringement (Count I) and unfair competition (Count II). The Claimant also alleges Illinois state law claims for deceptive trade practices (Count III), statutory consumer fraud (Count IV), and common law trademark infringement (Count V), all of which more fully appears in the Claimant's Complaint, Pleading Exhibit C, attached hereto.

10. In the federal trademark counts, the Claimant alleges in each count concerning BGCC in ¶¶ 43-46 of Count I and the same allegations in ¶¶ 50-53 of Count II (paragraph number is the only difference) as follows:

> 43. Defendant's unauthorized use of THE BILLY GOAT CHIP COMPANY mark in connection with its sale of potato chips, and related goods, is likely to cause, and already has caused, confusion, mistake, or deception among consumers as to the source, quality, affiliation, sponsorship or authenticity of the parties' goods and/or services–depriving Plaintiff of the goodwill established in its BILLY GOAT Mark.
>
> 44. On information and belief, Defendant deliberately adopted and/or is using THE BILLY GOAT CHIP COMPANY mark with a bad faith intent to cause consumer confusion and/or trade on the goodwill established by Plaintiff since 1934.
>
> 45. Defendant's use of THE BILLY GOAT CHIP COMPANY mark in connection with its sale of potato chips, and related goods, has caused and, unless retrained and enjoined, will continue to cause consumer confusion and irreparable harm, damage and injury to Plaintiff for which Plaintiff has no adequate remedy at law.
>
> 46. Defendant's willful and continued use of THE BILLY GOAT CHIP COMPANY mark after multiple requests by Plaintiff to cease all use of the mark makes this case an exceptional case for which an award of Plaintiff's reasonable attorneys' fees and costs are warranted.

11. In the statutory state law pendent claims, the Claimant alleges in each count concerning BGCC in ¶¶ 56 and 57 of Count III and ¶¶ 61 and 62 of Count IV as follows:

> 56. Defendant's unauthorized use of THE BILLY GOAT CHIP COMPANY mark in connection with its sale of potato chips, and related goods, is likely to cause, and already has caused confusion, mistake, or deception among consumers as to the

      source, quality, affiliation, sponsorship or authenticity of the parties' goods and/or services–depriving Plaintiff of the goodwill established in its BILLY GOAT Mark. Therefore, Defendant has used deceptive acts or practices as described in Section 2 of the Uniform Deceptive Trade Practices Act.

  57.  On information and belief, Defendant deliberately adopted and/or is using THE BILLY GOAT CHIP COMPANY mark with a bad faith intent to cause consumer confusion and/or trade on the goodwill established by Plaintiff since 1934.

12.  In its common law trademark infringement count, the Claimant alleges the following in its ¶¶ 66 and 67 in connection with the alleged conduct of BGCC:

  66.  Defendant's unauthorized use of THE BILLY GOAT CHIP COMPANY mark in connection with its sale of potato chips, and related goods, is likely to cause, and already has caused, confusion, mistake, or deception among consumers as to the source, quality, affiliation, sponsorship or authenticity of the parties' goods and/or services–depriving Plaintiff of the goodwill established in its BILLY GOAT Mark.

  67.  On information and belief, Defendant deliberately adopted and/or is using THE BILLY GOAT CHIP COMPANY mark with a bad faith intent to cause consumer confusion and/or trade on the goodwill established by Plaintiff since 1934.

### PROVISIONS OF THE STATE AUTO PRIMARY POLICY

13.  The State Auto primary policy provides in its Insuring Agreement for "bodily injury" and "property damage" as follows:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABLITY**

**1.  Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

 **(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

 **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

 No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

 **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

 **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

 **(3)** Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed

> insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

14. The State Auto primary policy provides in its Insuring Agreement for "personal and advertising injury" as follows:

> **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
>
> **(1)** The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and
>
> **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

    **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business by only if the offense was committed in the "coverage territory" during the policy period.

 15. The State Auto primary policy contains various exclusions which are applicable to the claims of the Claimant which provide, in pertinent part, as follows:

 This insurance does not apply to:

  **a.** **Knowing Violation Of Rights Of Another**

   "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

    \* \* \* \* \*

  **c.** **Material Published Prior To Policy Period**

   'Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

    \* \* \* \* \*

  **i.** **Infringement Of Copyright, Patent, Trademark Or Trade Secret**

   "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

   However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

    \* \* \* \* \*

    **l.**     **Unauthorized Use Of Another's Name Or Product**

        "Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

16. The State Auto primary policy defines certain terms used in the Insuring Agreements set forth in ¶¶ 13 and 14 hereof as follows:

    **1.**     "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

        **a.**     Notices that are published include material placed on the Internet or on similar electronic means of communication; and

        **b.**     Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement;

        \*   \*   \*   \*   \*

    **3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

        \*   \*   \*   \*   \*

    **13.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    **14.**     "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

    **a.**    False arrest, detention or imprisonment;

    **b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**    Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.**    The use of another's advertising idea in your "advertisement"; or

    **g.**    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * * * *

**17.**    "Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

> As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

### PROVISIONS OF THE STATE AUTO UMBRELLA POLICY

17. The State Auto umbrella policy provides in its Insuring Agreements for "bodily injury" and "property damage" as follows:

> **(3)** We have a right and duty to defend the insured against any "suits" to which this insurance applies:
>
> > **(a)** But which are not covered by any "underlying insurance" shown in the Declarations or by any other primary policies that may apply; or
> >
> > **(b)** If the applicable limit of "underlying insurance" is exhausted.
>
> However, we will have no duty to defend the insured against any "suits" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply;

The State Auto umbrella policy provides a similar Insuring Agreement for "personal and advertising injury."

18. The State Auto umbrella policy contains various exclusions which are applicable to the claims of the Claimant which provide in Exclusions a.(1), (3), (9), and (12), as follows:

> **2. Exclusions**
>
> This insurance does not apply to:

 **a.** "Personal and advertising injury"

  **(1) Knowing Violation Of Rights Of Another**

   Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury;"

   \* \* \* \* \*

  **(3) Material Published Prior To Policy Period**

   Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

   \* \* \* \* \*

  **(9) Infringement Of Copyright, Patent, Trademark Or Trade Secret**

   Arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.
   However, this exclusion does not apply to infringement, in your "advertisement," of copyright, trade dress or slogan.

   \* \* \* \* \*

  **(12) Unauthorized Use Of Another's Name Or Product**

   Arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

- 12 -

19. The State Auto umbrella policy defines the terms "bodily injury," "property damage," "personal and advertising injury," "advertisement," and "occurrence" in a manner similar to the State Auto primary policy set forth in ¶ 16.

## TENDER OF DEFENSE

20. BGCC tendered its defense to State Auto, and State Auto accepted that tender subject to reservation for the reasons stated herein.

## COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND PRIMARY POLICY)

21. State Auto adopts and repeats the allegations of ¶¶ 1 through 16 and ¶ 20 as and for ¶ 21 hereof as though the same were fully set forth herein.

22. While the State Auto primary policy, Pleading Exhibit A, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimant are not covered by the primary policy of insurance.

23. State Auto contends that it has no duty or obligation to defend BGCC in connection with the claims made against it by the Claimant for one or more or all of the following reasons:

    (a) That the Complaint does not allege "bodily injury" as defined by the policy of insurance.

    (b) That the Complaint does not allege "property damage" as defined by the policy of insurance.

(c)  That the Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)  That the Complaint does not allege an "occurrence" as defined by the policy of insurance.

(e)  The Complaint seeks damages for "personal and advertising injury" arising out of trademark infringement and trademark infringement is excluded from coverage.

(f)  The Complaint seeks damages for "personal and advertising injury" which was caused by or at the direction of the insured with the knowledge that it would violate the rights of another and would inflict "personal and advertising injury" under the policy.

(g)  The Complaint seeks damages for "personal and advertising injury" arising out of publication of material whose first publication took place before the beginning of the policy period on February 5, 2016.

(h)  The Complaint seeks damages for "personal and advertising injury" arising out of the unauthorized use of the Claimant's name in order to mislead another's potential customers.

(i) The Complaint seeks injunctive relief in connection with BGCC's conduct which does not involve an enumerated offense under "personal and advertising injury" as defined by the policy of insurance.

24. The above contentions of State Auto are, on information and belief, denied by BGCC which, in turn, contends that it is entitled to coverage under the State Auto primary policy of insurance. State Auto, in turn, denies, the contrary contentions of BGCC and each of them.

25. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
**(DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND UMBRELLA POLICY)**

26. State Auto adopts and repeats the allegations of ¶¶ 1 through 12 and ¶¶ 17 through 20 as and for ¶ 26 hereof as though the same were fully set forth herein.

27. While the State Auto umbrella policy, Pleading Exhibit B, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury,"

as defined therein, the claims in the underlying action by the Claimant are not covered by the umbrella policy of insurance.

28. State Auto contends that it has no duty or obligation to defend BGCC in connection with the claims made against it by the Claimant for one or more or all of the following reasons:

    (a) That the Complaint does not allege "bodily injury" as defined by the policy of insurance.

    (b) That the Complaint does not allege "property damage" as defined by the policy of insurance.

    (c) That the Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

    (d) That the Complaint does not allege an "occurrence" as defined by the policy of insurance.

    (e) The Complaint seeks damages for "personal and advertising injury" arising out of trademark infringement and trademark infringement is excluded from coverage.

    (f) The Complaint seeks damages for "personal and advertising injury" which was caused by or at the direction of the insured with the knowledge that it would violate the rights of another

and would inflict "personal and advertising injury" under the policy.

(g) The Complaint seeks damages for "personal and advertising injury" arising out of publication of material whose first publication took place before the beginning of the policy period on February 5, 2016.

(h) The Complaint seeks damages for "personal and advertising injury" arising out of the unauthorized use of the Claimant's name in order to mislead another's potential customers.

(i) The Complaint seeks injunctive relief in connection with BGCC's conduct which does not involve an enumerated offense under "personal and advertising injury" as defined by the policy of insurance.

29. The above contentions of State Auto are, on information and belief, denied by BGCC which, in turn, contends that it is entitled to coverage under the State Auto policy of insurance. State Auto, in turn, denies, the contrary contentions of BGCC and each of them.

30. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms

and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, State Auto Property and Casualty Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That State Auto Property and Casualty Insurance Company has no duty or obligation to provide a defense to Billy Goat Chip Company LLC for the action filed in the United States District Court for the Northern District of Illinois, Eastern Division, under Cause No. 17 C 9154, under its Businessowners Liability policy of insurance numbered BOP 2866205-00.

B. That the Court grant State Auto Property and Casualty Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That State Auto Property and Casualty Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT II:

A. That State Auto Property and Casualty Insurance Company has no duty or obligation to provide a defense to Billy Goat Chip Company LLC for the action filed in the United States District Court for the Northern District of Illinois, Eastern Division, under Cause No. 17 C 9154, under its Commercial Umbrella Liability policy of insurance numbered CXS 2135754-00.

B. That the Court grant State Auto Property and Casualty Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That State Auto Property and Casualty Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

/s/   Robert Marc Chemers
Robert Marc Chemers
Bar Number: 0431508
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
Telephone:   (312) 578-7548
Fax:            (312) 346-8242
E-Mail:  rchemers@pretzelstouffer.com